E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2579
     Facsimile: (213) 894-6269
     E-mail:    james.hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-00225-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT JUN LIU |
| v. | |
| JUN LIU, | Sentencing Date:  12/9/2024<br>Sentencing Time:  10:00 AM<br>Location:    Courtroom of the<br>             Hon. Otis D. Wright |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney James C. Hughes, hereby files its sentencing recommendation regarding defendant Jun Liu.  The Probation Office has recommended that defendant be sentenced to a three-year term of probation based on a Guideline offense level computation of level 11.  For the reasons set forth herein, the government concurs in the computations of the Probation Office and agrees that defendant should be sentenced to a three-year

term of probation.  However, the government would also recommend that the Court impose an eight-month term of house arrest as a condition of probation.  As explained below, the government believes that this sentence will provide just punishment for the offense of conviction while taking account of defendant's personal and familial circumstances.

**I.   Offense Conduct**

Between November 2021 and September 2022, defendant resided in Arcadia, California and operated an import/logistics business with offices in El Monte and Azusa, California. (CR. 7 at Ex. B ¶ 1). Defendant has never been licensed or otherwise permitted to receive, store, or transport cigarettes upon which no federal or state excise taxes have been paid.  (PSR ¶¶ 12-15).

In January 2022, authorities with United States Customs and Border Protection intercepted a shipment of goods coming into the United States from China containing numerous items of counterfeit designer clothing.  (Id. at ¶ 18).  CBP turned the items over to the Los Angeles County Sheriff's Department ("LASD"), and the LASD thereafter placed a court authorized GPS tracker in the shipment and followed the goods to defendant's warehouse at 960 West 10th Street, Azusa, CA 91702 ("960 10th Street").  (Id. at ¶¶ 18-19).  After obtaining a search warrant, LASD authorities conducted a search of 960 10th Street and detained defendant.  (Id.)  During the search, LASD deputies discovered, amongst other items, 13,540 packs of untaxed Chinese cigarettes upon which no federal or California excise taxes had been paid.  (Id. at ¶ 20).

Following the abovementioned operation, defendant continued to knowingly receive and possess untaxed Chinese cigarettes.  In August

2022, LASD deputies again conducted surveillance on a shipment of goods intercepted by CBP containing approximately 32,010 packs of untaxed Chinese cigarettes. (Id. at ¶¶ 20-23). After implanting a court-authorized GPS tracker, LASD deputies followed the subject cigarettes as they were retrieved from CBP custody and transported to 960 10th Street via truck. (Id.) LASD deputies thereafter observed defendant direct his employees to load the subject cigarettes into three vehicles. (Id.)

The total tax losses attributable to the 4,555 cartons of untaxed Chinese cigarettes possessed by defendant within the United States total $176,579.13 with California State excise tax losses of $130,728.50, and federal excise tax losses of $45,850.63. (Id. at ¶ 29).

## II. Advisory Sentencing Guidelines

The Probation Office calculates defendant's Guideline offense level at a level 11 under USSG § 2T4.1(F) based on a tax loss amount between $100,000 and $250,000, a three-level decrease based on defendant's acceptance of responsibility, and two level zero-point offender reduction. (Id. at ¶¶ 33-45). The government agrees with the abovementioned computation and believes no additional adjustments are appropriate in the present circumstance. Specifically, the government does not believe that a role adjustment, of any kind, is appropriate based on defendant's role in the underlying criminal conduct.

In this case, defendant operated a business that assisted in the illegal importation of untaxed Chinese cigarettes into the United States. While the government does not believe that a leadership role adjustment is appropriate in the present circumstance, as defendant

claims that he was merely processing the subject cigarettes on behalf of others in China, neither is defendant entitled to a downward adjustment for playing only a minor role in the enterprise.  While others may have reaped the lion's share of the benefit from defendant's possession of untaxed Chinese cigarettes, defendant's central role in a key element of the cigarette smuggling process (i.e. the receipt and processing of the smuggled cigarettes) forecloses any claim that defendant played only a minor role in the underlying offense.  Accordingly, the government believes that the PSR correctly computes the applicable offense level in the present case.

**III. Restitution**

The Probation Office recommends that defendant pay restitution to the United States Treasury of $130,728.50, and restitution to the State of California of $45,850.63.  (Id. at ¶¶ 113-115).  While the PSR correctly computes the total restitution due and owing this case, it inadvertently confuses the amounts due to each entity.  The restitution amounts ordered by the Court should be switched, with $130,728.50 due and owing to the State of California and $45,850.63 due and owing to the United States Treasury.

**IV.  Government's Sentencing Recommendation**

In this case, the government believes that a sentence 3 years' probation, with eight months of the abovementioned term spent on home confinement, is fully justified under the applicable § 3553 factors.  While defendant was not the mastermind of the illegal importation of the subject cigarettes, he played a crucial role in bringing the subject cigarettes into the United States.  Moreover, defendant continued in this course of conduct even after law enforcement

authorities conducted a search of his business and seized a prior shipment of untaxed cigarettes.  The abovementioned sentence balances the severity of the underlying offense and the need to deter defendant and others from future conduct with defendant's personal circumstances, including the need for defendant to participate in the care of his wife and daughter.

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense show that defendant knowingly possessed large volumes of untaxed cigarettes on at least two occasions through the operation of his logistics business. Making matters worse, defendant's possession of untaxed cigarettes in August 2022 was undertaken despite the previous seizure of cigarettes undertaken by the LASD only seven months prior.  While defendant notes in his sentencing position that other violations along the "spectrum of criminal offenses" are more serious, defendant's conduct evidences a brazen willingness to assist in an enterprise that caused substantial losses to state and federal tax authorities, even when he was aware that law enforcement was investigating his behavior.  This conduct warrants a serious sentence by the Court.

### B. Just Punishment and the Need for Deterrence

Defendant's failure to correct his behavior, even after LASD deputies executed a search warrant at his warehouse, shows that deterrence is a substantial concern in the present case. However, the limited volume of cigarettes linked to defendant, and defendant's personal, financial, and familial circumstances may also be taken into consideration by the Court.  Given the abovementioned considerations, the government believes that a term of home confinement, imposed in conjunction with a substantial term of

5

probation, may effectively serve in the present instance as an alternative to a term of incarceration.

**V.        CONCLUSION**

For all the foregoing reasons, the government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) support imposition of a sentence that includes a three year term of probation, with eight months spent on home confinement, payment of a $100 special assessment, and payment of restitution in the amount of $176,579.13

Dated: November 25, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


      /s/
JAMES C. HUGHES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA